## Case No. 387.

### ANGELL v. BENNETT.

[1 Spr. 85.][1]

District Court, D. Massachusetts. June, 1844.

ATTORNEY AND CLIENT —COMPENSATION—SETTLEMENT BY CLIENT—COSTS—ESTOPPEL.

1. The proctor of the libellant, having. given notice to the respondent that he should ask only for a decree for costs, cannot at the hearing proceed for damages.

2. A proctor who has commenced a suit for a seaman, upon a just claim, may proceed for costs, after a settlement made by the parties, without his knowledge. And this, too, where the respondent did not know, at the moment of the settlement, that a suit had been commenced; but had previously had notice that the proctor had been employed, and might easily have learned what had been done.

[Cited in Collins v. Nickerson, Case No. 3,016.]

[See The Victory. Case No. 16,937; McDonald v. The Cabot, Id. 8,759.]

In admiralty.

A. Mackie, for libellant.

H. G. O. Colby, for respondent.

SPRAGUE, District Judge. This is a libel in personam for damages, by a seaman, against the master of the whale ship Jasper. It was commenced on the 16th of April last. On the 18th. a settlement was made with the libellant, by Mr. Gibbs, the ship's agent, and Mr. Coggeshall, an out-fitter, as he is called, both acting for the master. The counsel for the libellant contends, that this settlement should be set aside, and the cause heard upon its original merits, and that if this be refused, he is at least entitled to a decree for costs.

As to the first point, it is admitted that on the 20th of April, formal notice was given to the respondent, by the proctor for the libellant, that he should thereafter proceed for costs only. It is now urged, that this notice was given under a misapprehension of facts. But there was no revocation of that notice, nor was the respondent in any way informed, until the hearing began, that there was to be anything in contestation, but the costs. He certainly could not then be required to meet any other question. No continuance or post-

---

[1] [Reported by F. E. Parker, Esq., assisted by Charles Francis Adams, Jr., and here reprinted by permission.]

ponement of the hearing has been asked; and the libellant cannot now be permitted to proceed, on his original claim for damages.

The matter of costs stands on very different ground; that claim has always been insisted on. The libellant had recently returned from a whaling voyage, for which the whole amount due to him was only four dollars and some cents. He was destitute. His residence was in the western part of New York. He applied to Mr. Mackie, to obtain redress for wrongs alleged to have been inflicted by the master, during the voyage, and on the 16th of April this suit was commenced. On the day following, a warrant was put into the hands of a deputy marshal at New Bedford. On the 18th, while the marshal was in pursuit of the respondent, the libellant being in Coggeshall's store, there stated his pecuniary distress, and his purpose of prosecuting the captain. Coggeshall immediately went to Mr. Gibbs, the ship's agent; and as soon as the latter could procure a formal receipt to be written by a professional gentleman, it was delivered to Coggeshall, who returned to the store, and procured the libellant's signature thereto, upon paying him eight or ten dollars, and Angell forthwith left New Bedford. The master, after this settlement, and while ignorant of it, was arrested on the warrant, at his house, four miles from New Bedford, between two and three o'clock in the afternoon of the same day. No service was made on the mate. The receipt embraced all claims against both the master and mate. It is urged that the proctor ought not to be permitted to proceed for costs, because neither the respondent, nor his agent, had any knowledge that a suit had been commenced, or costs incurred, and that this case does not come under the decisions in The Planet, [Case No. 11,204;] Brooks v. Snell. [Id. 1,961.] Coggeshall and Gibbs knew that Mr. Mackie had been employed to institute a suit against the respondent, and that he had his residence and office in New Bedford; yet the receipt was obtained, without notice to him, or any inquiry as to what measures he had taken. I am satisfied that the settlement was designedly made, without the knowledge of the proctor, and if there was any want of information, as to what had been done by him in prosecution of the claim, it was a voluntary and intentional ignorance. The actors in this transaction, who by prior authority, or subsequent ratification, must be deemed the agents of the respondent, had ample notice to put them upon inquiry, and the means of full information at hand.

The actual expenses, which had been incurred by the proctor for clerk's and officer's fees, exceeded the whole amount paid to the libellant; according to the principles which have heretofore been recognized and practically applied in this court, he ought to have a decree for costs. Such a rule of proceeding is necessary, not merely for the protection of proctors as officers of the court, but still more for the sake of seamen themselves. They often arrive after long voyages, with just claims against officers of the ship, but without means and without friends. Their owners, who, as common employers, ought to desire equal justice to all who have served them, too often, without inquiry, take part at once against the seamen, and actively endeavor to defeat their claim. Sometimes they even withhold the wages actually due, in order to coerce them, by their necessities, to a surrender of their just rights. See The Commerce, [Case No. 3,054.] for the forms of receipts printed on the back of the shipping articles.

If a proctor, after investigating these claims and instituting legal proceedings, may, by a settlement intentionally made behind his back, be defrauded, not only of all compensation for his services, but even of moneys necessarily advanced, it will tend to discourage the honorable practitioner from attempting to vindicate these rights, and to throw the seaman upon those who will speculate upon his necessities. It is desirable, too, that adjustments with seamen should be made under the supervision of some one, both disposed and competent to see that justice is done to them. I am aware that those against whom sailors seek indemnity, are oftentimes more than displeased at the interference of any member of the bar, and attempt to disparage him by epithets, as engaging in a disreputable branch of the profession; but in this court such attempts are utterly futile. I know of nothing more meritorious in the practice of the law, than the obtaining, by fair and honorable means, redress for wrongs and oppression suffered by ignorant, destitute, homeless, and friendless seamen. It is not controverted that the libellant had sufficient grounds for the commencement of this suit.

Decree for costs against the respondent.

See Collins v. Nickerson, [Case No. 3,016.]