## ·Case No. 3,016.

### COLLINS v. NICKERSON.

[1 Spr. 126.] [1]

District Court, D. Massachusetts. Feb., 1846.

SEAMEN'S WAGES—WHEN PAYABLE—CLANDESTINE
SETTLEMENT—REMEDY OF PROCTOR.

1. A seaman is entitled to his wages immediately upon his discharge; and if payment be refused, he may at once proceed by suit in personam therefor.

2. The proctor for the libelant in such suit, may have a decree for costs, notwithstanding a clandestine settlement with his client.

In admiralty. This was a libel for wages, promoted by Collins, a seaman of the brig Bell Marshal, against the owner, Nickerson. It appeared that the libellant had demanded his wages, upon obtaining his discharge, four days after the arrival of the vessel in port; but the respondent refused to pay him, relying upon the statute restricting seamen from libelling the vessel, until the expiration of ten days. On the same day, Collins brought this libel against Nickerson, personally; and then finding a vessel bound for his home in Nova Scotia, and the respondent offering to pay his wages, without costs, he took them, and gave a discharge, without the knowledge of his proctor, · or repaying his disbursements.

F. W. Sawyer, for libellant.

R. Rantoul, Jr., for respondent.

SPRAGUE, District Judge. The first question is, was this suit brought prematurely? In The Commerce [Case No. 3,054], I expressed the opinion that the statute of 1790 (2d Sess.) c. 29, § 6 [1 Stat. 133], did not affect the right of a seaman to proceed in personam for his wages, but only postponed his right to process against the vessel, for ten days. I have seen no reason to change that opinion. A seaman is entitled to his wages immediately upon the completion of his service; and if payment be refused, he may proceed at once to enforce it by a suit in personam.

The second question, namely, whether a proctor who has commenced a suit for a seaman, upon a just claim, may proceed in it merely for costs, after a clandestine settlement with his client, has been several times decided by this court in the affirmative. The Planet [Case No. 11,204]; Brooks v. Snell [Id. 1,961]; Angell v. Bennett [Id. 387].

Decree for costs against the respondent.

NOTE [from original report]. The subject of clandestine settlements with seamen, has been considered in this district, in the cases cited in the judgment, and in Purcell v. Lincoln [Case No. 11,471]; and it has often engaged the attention of the court, in other districts. The Sarah Jane [Id. 12,348]; The Victory [Id. 16-937]; McDonald v. The Cabot [Id. 8,759]; Peterson v. Watson [Id. 11,037]; The Etna [Id. 4,542]. "In courts of civil law, the parties themselves have strictly no authority over the cause, after their regular appearance by an attorney, or proctor. The attorney, or proctor, is so far regarded as the dominus litis, that no proceeding can be taken, except by him, or by his written consent, until a final decree, or revocation of his authority." The Thetis, 2 Adm. & Ecc. 365. In our practice, the attorney or proctor does not become dominus litis, in the full sense of the civil law. Betts, Adm. 10; The Araminta, Swab. 81; Story, Ag. § 383; 2 Kent, Comm. 641. But in suits for seamen's wages, the costs, as well as the wages, are a lien on the ship; and there is this further distinction between the lien of an attorney and that of a proctor, that at law, as costs are dependent on the suitor's success, a settlement commonly extinguishes the claim for them, unless collusively made for the purpose of defeating costs. But in chancery, and in the ecclesiastical courts, costs are regarded as a distinct equity, and are treated as the exclusive right of the proctor, although nominally granted to the party. Courts of admiralty proceed upon analogous principles; and in regard to the incidental interests of proctors, do not consider their power controlled by any compromise between the parties, which does not appear apud acta. The Victory, ubi supra; The Thomas Handford, 2 Hagg. Adm. 41, note; The Frederick, 1 Hagg. Adm. 211.

A proctor, intending to proceed for costs only, must give notice of his intention to the opposing party; and if he proceed unnecessarily, or on insufficient grounds, may be personally mulcted in costs. The Sarah Jane, ubi supra.

In Peterson v. Watson, ubi supra, which was an action of tort, Judge Betts held, that the admiralty court "affords a party no peculiar remedy in actions of this character, nor is a seaman under any peculiar protection; nor does he enjoy any peculiar privilege in suits for torts. * * * The question rests upon precisely the same principles, as if it were to be decided in a court of common law, and as if the suit had been there settled between the parties, whilst in a course of prosecution; leaving the attorney to look to his client alone for the costs incurred." But the reason assigned for the privilege in suits for wages, viz., the double danger of the seaman being overreached by the master and owners, and the proctor forgotten, or defrauded, by the seaman, would seem as applicable in other suits as in that; and in many cases claims for damage by torts, would seem to be as well founded, legal assistance as necessary, and the seaman's inability to recompense his proctor as absolute, as in claims for wages. And see Angell v. Bennett [Case No. 387]; and Purcell v. Lincoln [supra].