### ERRATT v. HUMPHREYS.

(District Court, N. D. California. June 22, 1900.)

No. 11,995.

ADMIRALTY—COSTS—SETTLEMENT OUT OF COURT.

In a suit in admiralty, in forma pauperis, to recover for services rendered by libelant as master of a vessel, the officers of court cannot be deprived of their fees by a settlement out of court; and where the defendant makes such settlement without the knowledge of the libelant's proctor, and obtains a writing dismissing the suit, he will be taxed with the costs.

In Admiralty.

H. W. Hutton, for libelant.
Charles F. Humphreys, pro se.

DE HAVEN, District Judge. This is a libel in personam, in which the libelant seeks to recover a balance alleged to be due him from the defendant for services rendered as master of the schooner Mil-

dred E. upon a voyage from San Francisco to Alaska. At the time of the commencement of the action the libelant filed an affidavit stating his inability to pay costs or to give security therefor, as provided in the act of July 20, 1892 (27 Stat. 252), and was thereupon allowed to commence and prosecute the action without prepayment of fees or costs or giving security therefor. The defendant answered, and the action was subsequently compromised and settled without the consent or knowledge of the proctor for libelant. By the terms of the settlement no provision was made for the payment of costs, and the libelant executed and delivered to the defendant a writing in these words:

"In the District Court of the United States in and for the Northern District of California. In Admiralty.

"Frederick A. H. Erratt, Libelant, v. C. F. Humphreys, Defendant.

"Now comes the libelant above named, and files this, his dismissal of said action; hereby certifying that the claim of said libelant against said defendant has been satisfied. Wherefore libelant asks that the said action be dismissed.

"F. A. H. Erratt, Libelant."

Thereafter the cause was, on notice, brought on for hearing, and the only question presented for decision is whether the defendant is liable for the costs of the action notwithstanding his settlement with the libelant.

In actions by seamen for the recovery of wages, both in rem and in personam, the rule most generally followed in courts of admiralty is that officers of court cannot be deprived of their fees "by an outdoor settlement with a seaman, where his right is clear, and where he must have recovered debt and costs in the prosecution." The Sarah Jane, 1 Blatchf. & H. 401, Fed. Cas. No. 12,348; The Victory, 1 Blatchf. & H. 443, Fed. Cas. No. 16,937; The Ontonagon, 19 Fed. 800; Angell v. Bennett, 1 Spr. 85, Fed. Cas. No. 387; Collins v. Nickerson, 1 Spr. 126, Fed. Cas. No. 3,016. I am unable to distinguish this case in principle from those above cited. The defendant knew that the action was commenced without the prepayment of fees and costs, and without giving security therefor, and such costs ought to have been provided for in the settlement. To hold otherwise, and permit the payment of costs incurred by a litigant suing, as in this case, in forma pauperis, to be evaded by an "out-door settlement," would be unjust to the clerk, marshal, and proctor of the libelant, and would, in the language of Judge Coxe in delivering the opinion of the court in the case of The Ontonagon, 19 Fed. 800, "encourage practices which the court should be slow to sanction." Judgment will be entered against the defendant for costs.